UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP RACZKOWSKI, | : | **CIVIL NO. 1:04-CV-0312** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| EMPIRE KOSHER POULTRY, INC., | : | |
| and EMES RABBINIC ASSOCIATION, | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

The complaint in this case identifies the plaintiff as
Rabbi Philip Raczkowski, a resident of Baltimore, Maryland.
The remaining defendant[1] is Empire Kosher Poultry, Inc., a
Pennsylvania corporation.  The plaintiff was hired by the
defendant as a Mashgiach in August 1980 and worked for the
defendant until he was discharged by the defendant on
August 26, 2003.  He was a member of the EMES Rabbinic
Association, and the Association was his exclusive bargaining
representative under a collective bargaining agreement.  The
plaintiff suffered a work-related injury on December 11, 2002
and missed work until July 28, 2003, collecting worker's

---

[1]     A default judgment has been entered in favor of the plaintiff and
against defendant EMES Rabbinic Association, a labor union.

compensation benefits.  He was fired shortly after returning to work.  He asserts that his firing was retaliatory because he had collected worker's compensation benefits.  Defendant Empire Kosher Poultry, Inc. asserts that Rabbi Raczkowski's employment was terminated because he took a quantity of chicken nuggets from the processing area of Empire Poultry's plant to Rabbi Raczkowski's room in violation of company policy.  Rabbi Raczkowski does not dispute having taken a quantity of chicken nuggets from the processing plant to his room on the day that he was fired.

The plaintiff's complaint alleges that the defendant company as a matter of practice permitted employees including rabbis to "consume products including chicken nuggets for their own personal consumption."  The complaint alleges that the plaintiff took a quantity of chicken nuggets for his personal consumption on August 26, 2003 and that on that date he was discharged by the defendant's Human Resource Manager without cause but ostensibly for taking chicken nuggets to his room.

The complaint asserts that the discharge was in violation of the collective bargaining agreement and company

2

practice.   The plaintiff alleges that he immediately sought union representation and requested that a grievance be filed. He claims that defendant EMES, the plaintiff's union, refused to file a grievance.  He asserts that the union breached its duty of fair representation and that defendant Empire discharged him in retaliation for his claim for and receipt of worker's compensation benefits.

Count I of the complaint claims that defendant Empire breached the collective bargaining agreement in that defendant Empire dismissed him without sufficient cause.   Count II against defendant EMES asserts a violation of the union's duty of fair representation.  Count III asserts that defendant Empire retaliated against him for filing a worker's compensation claim.

A judgment by default has been entered in favor of the plaintiff and against defendant EMES.  Order of January 20, 2005.  Doc. 30.  The remaining claims are Counts I and III against defendant Empire.

3

An answer to the complaint was filed by defendant Empire on April 15, 2004.

Defendant Empire filed a motion for summary judgment on February 14, 2005, with a brief in support, a LR 56.1 statement of undisputed facts, affidavits and other summary judgment evidence.  A brief in opposition, non-moving party's statement of material facts and summary judgment documentation were filed by the plaintiff on March 7, 2005.  A reply brief was filed by the defendant on March 21, 2005.  This report and recommendation will address the defendant's motion and the plaintiff's points in opposition thereto.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

5

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The plaintiff's retaliatory discharge cause of action is based upon Pennsylvania state law and is based, also and independently, upon an alleged violation of the collective bargaining agreement.  The defendant's primary argument with regard to a state law cause of action is that an employee represented by a labor union and covered by a collective bargaining agreement does not have available to him as a matter of Pennsylvania law a cause of action for wrongful discharge. Also, the defendant argues, a state law claim of a wrongful

discharge in retaliation for filing a worker's compensation
claim is preempted by Section 301 of the Labor Management
Relations Act, 29 U.S.C. § 185.

The plaintiff in opposition asserts that he was in fact
afforded neither the protection of labor union membership nor
the protection of a collective bargaining agreement, even
though he was a member of a collective bargaining unit and
there was a collective bargaining agreement.  He asserts that
he was not offered adequate assistance by the Union pursuant to
the collective bargaining agreement.

The Pennsylvania common law wrongful discharge cause of
action that is available to a Pennsylvania at-will employee
does not extend to a contractual employee.  *Harper v. American
Red Cross Blood Services,* 153 F.Supp. 2d 719 (E.D.Pa. 2001);
*Scott v. Sysco Food Services of Philadelphia, Inc.,* 1999 WL
554599 (E.D.Pa.); *Phillips v. Babcock v. Wilcox,* 349 Pa. Super.
351, 503 A.2d 36 (1986), *appeal denied*, 514 Pa. 618, 521 A.2d
933 (1987).  The plaintiff asserts that in this particular
situation he was "thrust into the role of an at-will employee."
The plaintiff's argument that, in the particular situation

7

presented here, he was not represented by a union or covered by
a collective bargaining agreement asks the court to create an
exception to the Pennsylvania law principle that an employee
does not have a common law wrongful discharge cause of action
if the employee is represented by a union and is covered by a
collective bargaining agreement at the time of his discharge.

The plaintiff's position that the adequacy of union
representation and of collective bargaining union protection of
employee rights as against retaliatory discharges is a
determinative factor in the decision whether there is a
Pennsylvania wrongful discharge common law cause of action
should be rejected by this court.  It is not supported by any
authorities.  Nor does the plaintiff consider and discuss the
nature and boundaries of a holding that would permit adequacy
of representation and adequacy of collectively bargained
protections to be considered and to be potentially
determinative.  Such a holding would, *inter alia*, create
questions of fact in any case where a union employee is
discharged.  Such a holding is not supported by Pennsylvania
law, and this court in this context must apply Pennsylvania
law.  This court should reject the position that the adequacy

8

of union representation is a material factual issue under
Pennsylvania law.

The plaintiff argues secondarily that his wrongful
discharge cause of action is not preempted by the National
Labor Relations Act because the Pennsylvania state law cause of
action for a wrongful retaliatory discharge of an at-will
employee does extend to a contractual employee.  The plaintiff
cites *Herring v. Prince Macaroni of New Jersey, Inc.*, 799 F.2d
120 (3d Cir. 1986), where the Third Circuit Court of Appeals
predicted that contractual employees in New Jersey covered by
"just cause" clauses would be seen by the New Jersey Supreme
Court to have a state law individual right for damages for
wrongful discharge.

But this Pennsylvania common law wrongful discharge
cause of action for an at-will employee does not extend to a
contractual employee.   *Harper v. American Red Cross Blood
Services, supra; Phillips v. Babcock v. Wilcox, supra.*  The
decision in *Herring* involving New Jersey common law does not
help the plaintiff's claim here involving Pennsylvania common
law.

9

In that there is not a Pennsylvania common law claim for wrongful discharge in retaliation for having collected workers' compensation benefits that extends to an employee who is covered by a collective bargaining agreement, summary judgment should be entered in favor of defendant Empire Kosher Poultry, Inc. and against the plaintiff as to the plaintiff's retaliatory dismissal claim.

The plaintiff presents also a claim of wrongful discharge by defendant Empire in violation of the plaintiff's rights under the collective bargaining agreement.  This is a 29 U.S.C. § 185 claim.   Like the plaintiff's claim in Count II against EMES, this claim against defendant Empire is brought pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, asserting a violation of the collective bargaining agreement.

The plaintiff, to prevail on this claim, must show that his discharge was contrary to the contract and that there was a breach of duty by the union.  *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 165, (1983).  The defendant must for purposes of the summary judgment motion show that there is not a genuine factual dispute as to both the issue whether the

10

termination of Rabbi Raczkowski violated the terms of the agreement and the issue whether the union breached its duty of fair representation.

A union breaches its duty of fair representation when in its handling of a matter on behalf of a member it acts in a manner that is "arbitrary, discriminatory or in bad faith." *Vaca v. Sipes*, 386 U.S. 171 (1967).

Defendant Empire asserts that there is not evidence to support a reasonable inference of a breach of duty by the union.  There is not a provision in the agreement that addresses dismissals or that sets any standard or procedure for dismissals.  The plaintiff asserts that a "just cause" provision is implied as a matter of law; *i.e.*, that it is implied that an employer may not consistent with the collective bargaining agreement discipline or terminate the union member employee without just cause.  In some situations courts have implied the inclusion of a "just cause" employee discipline provision in a collective bargaining agreement.  The plaintiff's argument that an absolute right to discipline an employee is incongruous with the existence of a collective

11

bargaining agreement is an argument that it appears can not be reasonably disputed, at least not in the case of this workplace and this collective bargaining agreement, and the defendant has not done so.  The circumstances here, and the issue, are in essence those presented in *Smith v. Kerrville Bus Co., Inc.*, 709 F.2d 914 (5th Cir. 1983).  We believe that this court should follow the reasoning and reach the result reached there as to the question of the implied presence of a just cause provision in the collective bargaining agreement.  The court should find it to be implied in the collective bargaining agreement that an employee's termination must be for just cause.

        The defendant argues that the summary judgment record establishes the presence of just cause to justify the plaintiff's termination.  There is a dispute as to whether there was just cause.  The defendant's summary judgment evidence if accepted establishes a company prohibition against removing food products from the processing plant.  The plaintiff's summary judgment evidence includes his own statement that it was common practice for employees to take food from the processing plant for personal consumption and that he was given no notice of any prohibition against it.

Under the summary judgment evidence neither party is entitled to a resolution of that dispute in that party's favor.

The defendant argues that even if the plaintiff can prove that Empire breached the collective bargaining agreement by dismissing the plaintiff without just cause, a reasonable inference can not be drawn under the summary judgment evidence that EMES breached its duty of fair representation.  It argues that the plaintiff has produced no evidence whatsoever showing that EMES, a union he helped found, acted in an "arbitrary, discriminatory, or bad faith" manner when it elected not to file a formal grievance in response to the undisputed circumstances of his discharge.  It asserts that the inference is not disputed that EMS representatives worked very hard on the plaintiff's behalf to obtain a severance offer from Empire that included six weeks of severance pay and an agreement from Empire not to contest plaintiff's claim for unemployment compensation benefits. (Statement of Material Facts ¶¶ 160-173).  Rabbi Haberman, the acting president of EMES, repeatedly went to [the Empire personnel officer] to attempt to save plaintiff's job or to seek additional severance benefits. (Id. ¶¶ 160-79.)"

It is undisputed that the union did not pursue a grievance or an arbitration on behalf of the plaintiff, and is not disputed that the plaintiff asked the union to do so.

The union EMES, a very small collective bargaining unit, had one of its governing committee members, Rabbi Diamond, handle grievances related to discharge decisions. EMES had no grievance committee.  As a matter of practice, when a meeting between EMES and company representatives did not resolve an issue, EMES would take the issue to Rabbi Weiss, Empire's Rabbinical Administrator.  Although the collective bargaining agreement contains an arbitration provision, as a matter of practice if EMES could not resolve the issue with Rabbi Weiss, it did not get resolved.  Statements of Material Fact, Docs. 33, 39, ¶¶ 148-154.

The plaintiff asserts that there is evidence to reasonably support the inference that the union acted arbitrarily and not in good faith.  However, the plaintiff does not demonstrate that there is evidence that reasonably supports the inference that the union acted arbitrarily or in bad faith. The plaintiff focuses on the fact that the union never pursued

grievances and arbitrations on behalf of its members.  The fact
that the union never pursued grievances on behalf of its
members does not support a reasonable inference of bad faith on
the basis that the union did not pursue a grievance here.   The
evidence submitted for summary judgment purposes shows that the
union acted by negotiations when issues involving employee
discipline or conditions arose.  This was how the union acted
here on behalf of the plaintiff.  This union's mode of
representing its employees was not abandoned in the plaintiff's
situation.  The plaintiff makes a great many points about the
ways in which Empire Kosher practices in employer-employee
relationships and Empire and EMES dealings in union-employer
relationships were unique and unlike those in other industries
and companies, but these points do not demonstrate bad faith or
arbitrariness.  EMES and its members did not as a matter of
practice use arbitrations, although available to them.  They
did not use formal grievance processes, although available to
them.  Against this background, a finding that the use of
customary negotiation tactics in this particular situation was
arbitrary or discriminatory or in bad faith would be
inconsistent and erroneous.  The court has no basis to impose
upon a particular bargaining unit in a particular company in a

particular industry a standard formula for how to represent its members.  Unless the court were to assume that the union and its members were content to eschew fair representation in the preceding course of labor relations, it would also be incongruous to describe the present situation as one not involving fair representation.

Accordingly, the court should grant summary judgment in favor of the defendant as to the claim against defendant Empire that it violated the collective bargaining agreement.

For the foregoing reasons, it is recommended that the motion of defendant Empire Kosher Poultry for summary judgment be granted and that the case be closed.

/s/ J. Andrew Smyser
_____ J. Andrew Smyser
Magistrate Judge

Dated:   April 14, 2005.

16